IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No: 1:23-cr-00079-001 |
| ) | |
| v. ) | The Honorable James P. Hanlon |
| ) | |
| JACOB GLENN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Jacob Glenn, by and through his attorney, Eric J. Massey, respectfully submits his memorandum for this Court's consideration in determining a sentence that, while sufficient, is not more than necessary to meet the goals of sentencing as outlined by 18 U.S.C. § 3553(a).

I.  **Introductory Remarks**

Glenn submits to this Court as a young man feeling great remorse for the conduct which brings him before this Court. He understands the wrong he did and the harm he caused to the victims of his offenses, and he is eager to express that himself before this Court. While he cannot change the past, Glenn is committed to serving his sentence, continuing to work on bettering himself, and ultimately becoming a productive member of society upon his release from custody.

Glenn is prepared to accept the sentence this Court finds appropriate pursuant to the plea agreement filed in this cause on May 24, 2023. Glenn has been in custody since April 18, 2022, and during that time he has grown and matured in ways one might not expect given the conduct to which he is pleading guilty. Taking all facts and circumstances into consideration, as outlined

more fully below, Glenn submits that a sentence of 240 months is sufficient to fulfill the purposes of 18 U.S.C. § 3553(a).

## II. Presentence Investigation Report

The sentencing guidelines yield a Total Offense Level of 43. Given Glenn's lack of criminal history, he has a criminal history category of I which results from zero points. Thus, Glenn's guideline range is not actually a range, but life.

## III. Application of the Sentencing Guidelines

*Count 1*

*Sexual Exploitation of a Child*
*18 U.S.C. § 2251(a)*
*15-30 years imprisonment/$250,000 fine/NLT 5 years TSR*
*(Class B Felony)*

*Count 2*

*Sex Trafficking of a Minor*
*18 U.S.C. § 1591(a)(1)*
*15-life years imprisonment/$250,000 fine/NLT 5 years TSR*
*(Class A Felony)*

While the Court must consider the sentencing guidelines and statutory minimums, the mandate provided by Title 18, United States Code, Section 3553(a), requires a court to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing: just punishment, retribution, deterrence, and rehabilitation. Goals to be considered while determining the sufficiency of sentencing are:

(I) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) to afford adequate deterrence to

criminal conduct; (4) to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct; and (7) to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

## IV. Application of the § 3553 Sentencing Factors

### 1. The Nature and Circumstances of the Offense and Glenn's History and Characteristics

#### a. The Nature and Circumstances of the Offense

Glenn will enter a plea of guilty to two counts filed against him. In so pleading, Glenn recognizes the severity of his offenses and the harm he caused over the course of his commission of the offenses and beyond. Glenn in no way intends to minimize his conduct or shift blame to anyone other than himself.

Glenn did not engage in violent, combative, or outwardly-deceitful behaviors that would indicate he is not taking the allegations seriously. Glenn has been cooperative throughout this matter, agreeing to plead guilty to the Information filed the same day as his plea. In addition, Glenn has been determined to take responsibility in this matter since day one.

Still, Glenn acknowledges the magnitude of his conduct. Given the potential penalties associated with the offenses to which he is pleading guilty, there cannot be a dispute as to their severity. As described in more detail in the Presentence Investigation Report, Glenn engaged in sexual activity with several minors and also provided them with

3

vapes. The instant offenses are rightly of great interest to authorities and this Court, and warrant a substantial sentence. However, we must still evaluate the offenses and the offender individually in reaching a sentence that is sufficient, but not greater than necessary.

### b. Glenn's History and Characteristics

Glenn is a young man, who only recently turned 26 years old. *PSR* pg. 3. He has no prior criminal convictions, though he currently has pending state cases for misdemeanor reckless driving and felony sexual misconduct with a minor (uncharged in the instant case). *PSR* pg. 10. Glenn completed high school in 2017, then obtained his CDL in order to begin working as a truck driver. *PSR* pg. 13. Glenn has worked a number of jobs since entering the workforce. *Id*.

Glenn has a great relationship with both of his parents. *PSR* pg. 11. His parents are loving and supportive, having provided him with everything he needed growing up. *Id*. Glenn's mother described him as a great person and great son, and the type of person who would give a stranger his last dollar or the shirt off his back. *PSR* pg. 12. The family support Glenn continues to receive will be critical to his long-term success and wellbeing. Relatedly, Glenn wants to pay the support back to his parents as they age and eventually need assistance. His biggest wish is that he is out of prison in time to provide that support and care, and this desire reflects Glenn's selfless nature and compassion for others.

Glenn is in overall good physical and mental health, though he was diagnosed with ADHD as a child. *PSR* pg. 12. He also reported suffering from and being treated for anxiety since being arrested, but he appears to be stable and without the need for any further intervention. *Id*. Still, concern remains that his mental health may worsen as he serves anywhere from 240 to 360 months in this case.

With respect to substance abuse, Glenn has used marijuana approximately six times – but not at all in the last several years. *PSR* pg. 12. He also first used alcohol at age 20, though again the use appears to have been social at most. *Id*. Still, Glenn expressed an interest in RDAP as yet another way to continue working on himself while he is incarcerated. *Id*.

2. **The Need for the Sentence Imposed**

In considering an adequate sentence to impose on Glenn, the Court should look at the applicable suggested penalty range for the crime and sentencing requirements, but should also take into account several other factors discussed herein.

   a. **To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

As noted previously, Glenn has no criminal convictions. *PSR* pg. 10. Given Glenn's acceptance of responsibility, remorse, and lack of any prior criminal convictions, this Court should have confidence that Glenn is and will remain committed to a law-abiding life in the future. The time he has already spent incarcerated was a major wakeup call for Glenn, and led him to realize quickly that he never wants to find himself behind bars again.

Glenn undoubtedly understands that these offenses are among the most serious one could face. He further understands that he is facing a significant sentence, regardless of what determination the Court makes under the terms of the Plea Agreement. While the guidelines call for a sentence of life, and the Plea Agreement contemplates a sentence of at least 240 months but no more than 360 months, a sentence greater than 240 months is not necessary in this case. As the Court will come to understand from Glenn himself, a sentence of 240 months will sufficiently reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses.

### b. To Afford Deterrence to Criminal Conduct and Protect the Public from Further Crimes

Section 3553(a)(2)(B) requires a judge to consider "the need for the sentence imposed…to afford adequate deterrence to criminal conduct," including both specific and general deterrence. Glenn submits that even the minimum sentence contemplated in the Plea Agreement is adequate to deter criminal conduct, both for himself and for others. He will spend no fewer than twenty years incarcerated, a time during which the public will be protected from any potential future crimes. But as noted already, Glenn appears to be a person we do not worry about committing another offense – whether similar to the current offenses or otherwise.

Regardless of the type of crime, empirical studies show there is no relationship between sentence length and general or specific deterrence,[1] and according to "the best available evidence…prisons do not reduce recidivism more than noncustodial sanctions."[2] Furthermore, the Charles Colson Task Force, created by Congress, recommends incarceration only for the truly dangerous persons and finds that incarceration "takes a damaging toll on the mental health of those serving time, many of whom exhibit higher rates of depression, post-traumatic stress disorder, and other mental illnesses."[3] While the Court has no option but to sentence Glenn to incarceration, Glenn believes a sentence of 240

---

[1] *See* Andrew von Hirsch *et al.*, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999); Michael Tonry, *Purposes and Functions of Sentencing,* 34 Crime and Justice: A review of Research 28-29 (2006); David Weisburd *et al.• Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes,* 33 Criminology 587 (1995); Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders,* 48 Criminology 357 (2010) (all concluding there is no correlation between sentence length and crime rates).
[2] Francis T. Cullen et al., *Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 Prison J. 48S, 50S-51S (2011).
[3] *Transforming Prisons, Restoring Lives: Final Recommendations of the Charles Colson Task Force on Federal Corrections*, January 2016, at page 15.

months would accomplish the goals of 18 U.S.C. § 3553(a) and minimize, to the extent possible, the damaging toll incarceration can take.

### c. To Protect the Public from Further Crimes of Glenn

An important factor for consideration under this prong is that Glenn's offenses are of a similar character. He is not a person who seizes every opportunity to commit a crime of any sort. He will be able to avail himself of rehabilitative programming at the Bureau of Prisons, and he is going to be subject to both supervision and registration requirements upon his inevitable release. This is a recipe for success after a 240-month sentence, particularly in light of Glenn's acceptance of responsibility and genuine remorse and regret.

### d. To Provide Glenn with the Needed Education, Vocational Training, or Other Correctional Treatment in the Most Effective Manner

As noted previously, Glenn recognizes and appreciates the severity of the offenses to which he is pleading guilty. Glenn is a young man with a long life ahead of him after his release from incarceration, and his primary desire is to come out of prison and support himself and his family. Glenn intends to pursue all available avenues of education and training in pursuit of this ultimate goal, and he is determined to never appear in this or any other Court again.

### e. To Avoid Unwarranted Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

The sentencing guidelines themselves are an anti-disparity formula. *United States v. Oliver*, 873 F.3d 601, 608 (7th Cir. 2017) (citing *United States v. Blagojevich*, 854 F.3d 918, 921 (7th Cir. 2017). This is "because the Sentencing Commission considers the need to avoid unwarranted disparities when setting the Guidelines ranges." *Id.*

Still, each offender and each case must be judged independently. Although the guideline in the current case is a life sentence, the parties have agreed by way of the Plea Agreement that a sentence between twenty and thirty years is appropriate. And while the range provided for in the Plea Agreement gives this Court significant latitude in the sentence ultimately imposed, Glenn believes that a minimum sentence is appropriate in this case. This sentiment is reflected in the PSR, wherein the Probation Officer notes that a variance sentence may be appropriate given Glenn's criminal history, age, and acceptance of responsibility. *PSR* pg. 20.

### f. To Provide Restitution to Any Victims of the Offense

Glenn has agreed to pay restitution to Minor Victims 1 through 3 in the amount of $10,000 each. Given his incarceration, he is and will be unable to immediately pay that amount. However, he will make efforts to earn any money he can while incarcerated in order to fulfill the restitution obligations. It is unlikely, though, that he will be able to make full restitution by the completion of his prison term. Thus, the sooner he completes his sentence of incarceration the sooner he will be able to obtain a job and pay whatever remaining restitution may be owed.

## V. Conclusion

For the reasons stated herein, Glenn asks the Court to sentence him to 240 months of incarceration at the Bureau of Prisons, to be served at a facility as near to his family in Cicero, Indiana as possible. Such a sentence would be sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/Eric J. Massey
Eric J. Massey, #31580-64
Banks & Brower, LLC
8770 Purdue Road
Indianapolis, IN 46268

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing Sentencing Memorandum has been served upon Zachary A. Myers and Kyle M. Sawa, 10 West Market Street, Suite 2100, Indianapolis, IN 46204, by electronic service through ECF/PACER on October 25, 2023.

      /s/Eric J. Massey
      Eric J. Massey, #31580-64
      Banks & Brower, LLC
      8770 Purdue Road
      Indianapolis, IN 46268