UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>           )<br>     Plaintiff,    )<br>           )<br>  v.         )<br>           )<br> JACOB GLENN,       )<br>           )<br>     Defendant.    ) | Cause No. 1:23-cr-79-JPH-MJD |

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kyle M. Sawa, Assistant United States Attorney, and herein submits the following sentencing memorandum. Based on the information set forth below, a sentence of 25 years is appropriate in this case.

**I.   Introduction**

People who prey on children develop their own tradecraft. They tinker with their methods until they find something that works. And once they find this, they apply it repeatedly, going from one unsuspecting, vulnerable victim to the next. Then, the predator sits back, reels in each minor, and manipulates them for his own sexual gratification.

Defendant mastered his own tradecraft – vapes for sex. Defendant's methods included contacting minors via Snapchat and lying about his age. But this initial deception was not enough to draw his prey in. He needed an in. That in – that hook for these minors – was the ability to buy e-cigarettes or vapes for the minors. So, Defendant, aka "theplugfogshyde," would offer to buy these minors "nic" or "alc" to "hang out." These were prohibited items that minors

wanted but could not legally buy.[1]  Defendant offered a solution, though.  He would buy these items for minors, but there was just one catch – you had to have sex with him to get them. Defendant laid this trap repeatedly to see who would bite.  Sadly, it worked, again and again and again.

Someone who constantly targets and manipulates 13- and 14-year-old girls, even while released on bond for similar conduct, is not someone who has just had a mistake of judgment or was simply looking for love in the wrong places.  Rather, it is someone who targeted these minors, took advantage of their innocence, and as a result, abused them not only sexually, but also mentally, as they will deal with the fallout from this conduct for the rest of their lives. Accordingly, a sentence of 25 years is appropriate in this case.

## II.     3553(a) Factors

### A.  Nature and Circumstances of the Offense

Defendant's conduct is set out thoroughly in both the factual basis of the Plea Agreement and the PSR.  Highlighted below are aggravating factors for the Court's consideration.

#### i.  Offense Conduct Occurring While on Bond for Similar Criminal Conduct (MV3)

The conduct before the Court is not the first time Defendant engaged in manipulating minor females to have sex with him.  Remarkably, he was on bond for that *same conduct* while he engaged in the offense conduct before the Court.  *See* PSR ¶¶ 14-15.

The facts of this case are strikingly similar to the underlying facts of Counts 1 and 2.  *See* Exhibit A (Probable Cause Affidavit).  Defendant, at the time 23 years old, met a recently turned 14-year-old girl (MV3) on Snapchat, where he lied to her and said that he was 17 years old and

---

[1] The minimum age to buy vapes in Indiana is 21.

attended school in Noblesville. After messaging with MV3 a few days, Defendant then picked her up at her mother's house after midnight, and they had sexual intercourse in his truck. This happened another three to four times according to MV3. MV3 told Defendant that she was only 14, but this did not deter him as he continued to meet up with her and have sex. They continued to have sex in different locations, including three times at MV3's dad's house and another time at Defendant's home in Cicero. MV3 said she told Defendant a few times that she did not want to have sex but did anyways. MV3 said the sex would stop when Defendant was finished, and he did not use a condom. Defendant confirmed that he had a sexual relationship with MV3, including having sex with her 3 or 4 times after she told him she was only 14. This included one time in the bedroom of his home in Cicero. Based on this conduct, Defendant was charged with Sexual Misconduct of a Minor in Madison County, Indiana on or about October 20, 2020.

      This should have been a wake-up call for Defendant. He had lived a charmed life with a great family and few obstacles placed in his way. Defendant had the chance to redirect his life after this apparent blip in an otherwise law-abiding life. The Madison Circuit Court, no doubt due to his spotless record, set Defendant's bond at $10,000. Defendant paid the required amount and once again gained his freedom. This should have been the end of the story. Defendant had made mistakes by lying to the 14-year-old, having sex with her many times, and continuing to do so until he was caught. But he could have faced punishment for this crime and moved on. Instead, Defendant chose to keep targeting minors while out on bond.

      ii.    **Sex Trafficking of Minors and Attempted Sex Trafficking of Minors (MV1/MV2/Witness 1)**

      Defendant used his ability – i.e., his age -- to obtain a known vice for minors – vapes – in return for sex with these minors. It is clear this strategy specifically targeted minors, as the ability to buy a vape only has any value to a minor, particularly for a minor who looks young and

3

would raise suspicion where vapes are sold.  And his Snapchat name, "theplugfogshyde," is known to be slang for someone who can get vapes.[2]  As a result, Defendant's name attracted the interest of minors looking to obtain a product that they had no legal means of obtaining.  This was the bait cast into the Snapchat pond by Defendant.

Defendant canvased dozens and dozens of profiles, seeing if any would bite.  For those who responded, he would offer "nic" and/or "alc" to "hang out."  In one conversation, Defendant offered "nic to fuck."  If the minors had any uncertainty as to how they would pay for the vapes, this disappeared quickly when he met with the minors.

Minor Victim 1 (MV1), age 14, initially thought she could buy vapes from Defendant, but she later learned that she would be provided the vapes in exchange for sex with Defendant.  MV1 first met with Defendant on or about December 24, 2021.  This was a little over year after Defendant had been released on bond while charges were pending for having sex with a different 14-year-old.  MV1 snuck out of her house – just as MV3 had done – and met Defendant to have sex in his truck – just as MV3 had done.  Before taking MV1 back home, Defendant told her not to tell anyone that they had sex.

Minor Victim 2 (MV2), age 13, entered the picture before Defendant met up with MV1 again.  Again, Defendant met MV2 on Snapchat. MV2 understood his Snapchat name to signify someone who was selling vapes.  Defendant lied, as was his routine, and told MV2 that he was 17 years old.  MV2 chatted with Defendant, and they agreed to meet so that he would give her a

---

[2] "The Plug" is a term used to describe someone who is a resource for obtaining something valuable that would otherwise be difficult to obtain.  *See* https://www.urbandictionary.com/define.php?term=a%20plug (last visited October 25, 2023).  Mr. Fog is a supplier of "high quality and innovative e-cigarette related products." *See* https://www.mrfog.com/about-us/ (last visited October 25, 2023).  Similarly, Hyde Vapes sells a full line of vape products.  *See* https://www.hydevapes.org/ (last visited October 25, 2023).

vape.  MV2 believed that the Defendant expected sexual contact for the vape.  To be sure, MV2 said she hoped Defendant was not being serious or that she could give him money, but that this was "arranged" in advance.  On or about January 9, 2022, Defendant picked up MV2 in his truck and took her to a truck stop.  There, Defendant gave MV2 the vape, and they had sex.  Defendant drove MV2 back to her home.

Defendant continued to try to meet up with MV2 but to no avail.  Although MV2 seemed willing to meet up again, she never mentioned wanting to have sex with him again.  In fact, MV2 told Defendant if they meet up, "no sexual shit."  Defendant was not deterred, though.  He just moved trained his sights on a different target -- MV2's friend (Witness 1).  MV2 told Defendant that the most Witness 1 might do is oral sex.  Defendant responded that they could work something out.

All this conduct illustrates the grotesque barter system Defendant had created.  He would supply vapes in return for 13- and 14-year-old girls having sex with him.  It did not matter if they would rather pay cash.  The only way these children were getting the nicotine they were too young to buy or possess was to lose all sense of innocence at the hands of Defendant.  He took advantage of this naivete and manipulated them for his own sexual gratification.

      **iii.**    **Sexual Exploitation of a Minor (MV1)**

On or about January 17, 2022, Defendant and MV1 met up again and followed the same routine – Defendant picked her up, took MV1 to a truck stop, and they had sex.  The new wrinkle was this time Defendant took two videos of the sexual intercourse on his iPhone.  Defendant then sent MV1 one of the videos in Snapchat.  This video contains a close up of MV1 and Defendant having sexual intercourse, including MV1's genitals and Defendant's penis.

For some reason, simply conning MV1 into having sex with him for some fleeting nicotine was not enough for Defendant. He wanted to document this abuse and keep it for his memory. By creating this material, Defendant ensured that this one moment in time would live forever and not end when they left the truck stop that night. And it would exist as a constant reminder of the pain caused by Defendant and his manipulative actions.

### iv.     Distribution of Child Pornography (MV1)

Defendant did not stop with simply creating the video of sexual intercourse he had with MV1; rather, he distributed the video to at least one other individual. Although not charged as a separate offense, this conduct resulted in additional harm to MV1 as it increased the chances that material of her being sexually abused will be forever on the internet. Every time an image or video is distributed it makes it exponentially more difficult in controlling the universe of its dissemination. Defendant jeopardized the ability to keep that video from spreading when he began distributing it.

### v.     Coercion and Enticement of Minors (MV2)

Defendant also requested sexually explicit images of MV2. In Snapchat messages on January 14, 2022, Defendant directed MV2 to position her camera with the light and to "show ur pussy". Defendant wrote, "So dark I can't see ur pussy". MV2 told him that she would only "do it" (send images) if he would "bring stuff" the next time they hung out. When Defendant asked "wym stuff", MV2 said like "alc or weed" "something." Defendant did not appear to respond to this request.

Again, Defendant had already had sex with MV2 in exchange for nothing more than him being of age to buy vapes. But even after this successful mission, he still hunted his prey, looking for new material.

      **vi.    Vapes to Minors**

Lastly, the Court should consider not only Defendant's conduct in manipulating these victims for his sexual pleasure, but also should take note of how he did so by giving them a product that is incredibly harmful to their health. The danger presented by e-cigarettes and vapes to young people becomes clearer every year. The Surgeon General previously issued a report about the harmful impact of e-cigarettes by youth. It stated:

> The part of the brain that's responsible for decision making and impulse control is not yet fully developed during adolescence . . . Youth and young adults are also uniquely at risk for long-term, long-lasting effects of exposing their developing brains to nicotine. These risks include nicotine addiction, mood disorders, and permanent lowering of impulse control. Nicotine also changes the way synapses are formed, which can harm the parts of the brain that control attention and learning.

*See* https://e-cigarettes.surgeongeneral.gov/about.html (last visited October 25, 2023). To be sure, this should not be the primary focus of the Court's attention, but it should be noted that the bait Defendant used to attract minors also harmed them as well.

    **B.  History and Characteristic of the Defendant**

It would be hard to find a Defendant before this Court who had a better home life than the one described in the Presentence Report. He enjoyed a great relationship with both of his parents, who have remained involved in his life. He has a brother with whom he has also maintained a great relationship. And his middle-class upbringing entailed all his needs being met while living in nice homes and neighborhoods. Defendant's household was structured with rules, chores, and discipline, and Defendant did not report any type of abuse during his life. Defendant has maintained good health and any mental health or substance abuse issues appear to be minor. All of these add up to Defendant being the rare individual in this courtroom with a solid family structure, good physical health, and sound mental health.

While Defendant has been lucky to experience all those luxuries that few defendants do, it leads to one firm conclusion when evaluating his conduct – he knew better.  This was not someone who had been dealing with his own issues of abuse or neglect and they have manifested themselves in a different outlet.  This was not someone raised without a family who was committing criminal offense to make ends meet.  This was not someone who believed what he was doing was in fact ok based on what he had observed growing up.  None of these would be excuses, but they would at least explain his behavior.  To the contrary, this was someone who knew exactly how wrong the behavior he committed was yet chose to do it over and over again.

### C. Promote Respect for the Law

A sentence of 25 years would promote respect for the law in the Indianapolis Division and throughout the Southern District.  Such a sentence sends the message that it unacceptable for adults to take advantage of minors and manipulate them for their sexual gratification.  Defendant showed no respect for the law when he completed these offenses while on bond for similar conduct.  Defendant was given an opportunity to change his ways.  He knew what he had done was illegal, immoral, and wrong.  But he resumed this criminal behavior anyway.  An individual who takes such actions despite judicial intervention has no respect for the law.  Instead, that conduct sends a signal that the person thinks those laws do not apply to him.  The Court must send a message to Defendant that the laws he continued to disobey must be followed and respected.  A sentence of 25 years will do that.

### D. Protect the Public from Further Crimes of Defendant

It is paramount we protect children from dangers in society, particularly those who lurk on the internet away from the protective eyes of parents.  For at least over a year, Defendant engaged in conduct that put minors at risk in the Southern District of Indiana.  And even when

Defendant was caught, he continued to victimize additional minors while released on bond. An individual who cannot show any restraint, even when out on bond for similar conduct, is a clear and present danger to our children. The only way to be sure they are protected is a lengthy prison sentence.

### E. To Afford Adequate Deterrence

A lengthy sentence is needed here not just to deter criminal conduct by Defendant but also to deter similar conduct by individuals contemplating similar behavior. It is unclear whether Defendant's attraction to children will fade as he spends decades of his life in prison. What is clear is that Defendant consistently targeted the same age of minors for sex throughout the span of his criminal conduct. The sentence handed down must deter Defendant from ever setting another trap for a child again. A sentence of 25 years would do just that.

Just as important, the sentence from the Court must send a message to all individuals who are contemplating similar behavior that this is not remotely acceptable and that you will spend decades in prison if you choose to repeatedly engage in this type of behavior. Every single day there is a sexual predator sitting behind a keyboard trying to figure out how to capture a minor's trust. Every single day these predators are soliciting sexually explicit images and videos of minors under the guise that they are just fellow kids wanting to be friends. Every single day these predators then try to push to the next step of meeting with these naïve children who do not understand the danger they are in. Tragically, every single day some of these predators are successful in their criminal pursuits. Accordingly, those currently engaged in or contemplating this type of behavior must receive the message that they will spend decades in prison if and when they are caught. A sentence of 25 years will send this message bright and clear.

### III.  Conclusion

Defendant lied to, manipulated, and coerced minors into having sex with him for vapes. On its face, it may seem inconceivable that a child would be willing to give so much to receive so little.  But what one may not comprehend -- which Defendant certainly did -- is that minors are impressionable enough to do so.  Defendant had all the power over them, and he knew it.  So, he cast his bait as "theplugfogshyde" and waited for innocent fish to bite.  Defendant established a successful tradecraft that attracted minors and forced them into situations to have sex with him. But Defendant's successful game is over.  The price for the harm he has caused should be a sentence of 25 years in prison.

        Respectfully submitted,

        ZACHARY A. MYERS
        United States Attorney

By:   <u>s/Kyle Sawa</u>
        Kyle Sawa
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on **October 25, 2023,** a copy of the Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:	S/Kyle Sawa
	Kyle Sawa
	Assistant United States Attorney
	Office of the United States Attorney
	10 W. Market St., Suite 2100
	Indianapolis, Indiana 46204-3048
	Telephone: (317) 226-6333
	Fax: (317) 226-6125